MARTIN ENSIGN, Jr., RESPONDENT, v. GEORGE W. FISHER, MARY F. FISHER AND LILLIE BLAND, APPELLANTS.

FRAUDULENT CONVEYANCE—NONSUIT—REVIEW ON APPEAL—SUS-PICIOUS CIRCUMSTANCES.

1. The offer of evidence after the overruling of a motion for nonsuit is not a waiver of the exception taken to the order overruling such motion, under Sess. Laws 1894, p. 42.

2. Under section 9 of article 8 of the constitution, which provides that "appeals to this court shall be upon the record made in the court below, * * * and that in equity cases the appeal may be on questions of both law and fact," held, that questions of both law and fact arising in equity cases can be reviewed in this court upon the record made in the court below, if properly brought to this court.

3. When there is testimony offered by the plaintiff, in his affirmative case, tending to establish a prima facie case of fraud in the alleged sale of property with intent to defraud creditors, a motion for nonsuit should be granted. Fraud cannot be presumed from mere suspicious circumstances, but must be proved. Testimony offered held insufficient to make a prima facie case.

(No. 760. Decided Feb. 9, 1897.)

Appeal from the First district court, Box Elder county. Hon. C. H. Hart, Judge.

Action by Martin Ensign, Jr., against George W. Fisher et al. to set aside a conveyance alleged to have been made to defraud creditors. From a judgment for plaintiff, defendants appeal. Reversed.

*Moyle, Zane & Costigan,* for appellant:

A preliminary question arises as to practice on equity appeals under our new constitution. This is an equity case, and the constitution has totally changed the former practice. Heretofore appeals in law cases and in equity cases upon findings were treated alike, as the case of *Wells* v. *Wells,* 7 Utah 68, and *Dooly Block* v. *Rapid Transit Co.,* 9 Utah 31, show. But the constitution has provided, art. 8, sec. 10, that the appeal shall be on the record below, and in law cases on questions of fact alone, but in equity cases on both questions of law and fact. This restores our equity practice to the old equity practice which is now in vogue in the United States courts, when the error assigned is that the decree and findings are erroneous, and the whole case comes up on the record just as it did in the trial court, and every question there made, both of law and fact, is open to review. *Ridings* v. *Johnson,* 128 U S. 212, 218; *United States* v. *Old Settlers,* 148 U. S. 427; 2 Daniels Chan. Pr. 1459 and note, 1484 and note, 1489 and note (star paging).

Other states have this practice now. *Miller* v. *Cook,* 135 Ill. 190; *Belleville* v. *Citizens' Co.,* 152 Ill. 171; *Martin* v. *Estes,* (Mo.) 28 S. W. Rep. 65; *Likins* v. *Likins,* (Mo.) 27 S. W. Rep. 531; *Thompson* v. *Cohen,* 24 S. W. Rep. 1023.

And this holds true where evidence is orally taken. *Benne* v. *Schecko,* 13 S. W. Rep. 182; *Sayer* v. *Devore,* 13 S. W. Rep. 201.

Of course some weight is given to the findings, but the appellate court passes on the evidence without the findings having the binding force that they have under the Code, and the appellate court makes what it considers the proper decree.

*B. H. Jones,* for respondent.

PER CURIAM:

The plaintiff filed his complaint March 30, 1896, and alleged therein that on April 14, 1894, he filed his complaint, and obtained judgment thereon, against the defendant George W. Fisher, on February 26, 1896, in the district court for the county of Box Elder, for the sum of $150.48, which judgment was then properly docketed; that on March 28, 1896, an execution was issued thereon, and returned unsatisfied; that on April 28, 1894, defendant George W. Fisher and Mary F. Fisher, his wife, made and delivered to their daughter Lillie Bland a deed of conveyance to the land in question. Plaintiff further alleged, on information and belief, that the said deed was so made for the use of the defendant George W. Fisher, without consideration, and with intent to hinder and defraud creditors of their lawful suits and damages, debts, and demands; that, since said deed was executed, the possession of said land had remained under the control and possession of defendant Fisher, under the fraudulent pretense that he was the agent of the grantee; that, at the time the conveyance was made, defendant Fisher was insolvent, and had no property in the state out of which an execution could be collected; and prayed that said conveyance be set aside as fraudulent. The defendant answered, denying the allegations in the complaint, and alleged that the conveyance was made in good faith, for a valuable consideration, without intent to hinder, delay, or defraud any creditor, and that he was not insolvent at the time of signing the conveyance. The plaintiff offered testimony tending to show that in December, 1894, defendant Mary F. Fisher offered to sell the lots in question; that in April, 1895, one witness

heard a conversation between Fisher and a gentleman to the effect that Fisher was going to trade the property; that Fisher had said he had sold the property, but the deed was not made out, and witness was to pay rent to the purchaser. It appears that this witness rented the house from Mr. Coombs, the agent of Lillie Bland, and paid him the rent some of the time, and at one time paid the rent to Fisher. Mr. Standing gave testimony tending to show that Mr. Coombs had spoken to him about buying the property in question in the fall of 1894; that Coombs had the property for sale, and that witness talked to Fisher and Coombs about buying it; that he went over and looked at the property; that Fisher said it was for sale at the sum of $700. The deed to Lillie Bland was received in evidence. The record in the case of Rankin against Ensign and Fisher, showing a judgment against Fisher, of March 10, 1894, for $100, and return of execution thereon, showing the judgment was fully paid and satisfied, was also offered in evidence. The record of the judgment set out in the complaint, upon which the plaintiff sought relief, was also introduced in evidence. After the introduction of this testimony, the plaintiff rested his case, and the defendant moved for a judgment of nonsuit, on the ground that no evidence had been introduced tending to show that the deed had been executed without a valuable consideration, or in trust, or that the possession of the property remained in the grantor, or that Fisher was insolvent at the time he made the deed or since, or that he was indebted at the time the deed was made, and that no material allegation of the complaint had been established. The court denied the motion, and the defendant excepted, assigning as error the refusal of the court to grant the nonsuit as requested.

Section 9 of article 8 of the constitution of Utah

provides "that appeals to this court shall be upon the record made in the court below. * * * In equity cases the appeal may be on both questions of law and fact. * * *" Under this section, questions of both law and fact arising in equity cases can be reviewed in this court upon the record made in the court below, and properly brought to this court.

The testimony offered was exceedingly meager and unsatisfactory. In order to establish a *prima facie* case as charged, the plaintiff should have shown that the conveyance of April 23, 1894, was without consideration and fraudulent, or that the deed was made in contemplation of insolvency, and that Fisher was insolvent at the time the deed was made and afterwards. No testimony was offered in plaintiff's affirmative case upon these subjects. The testimony that Fisher or his wife had offered to sell the property in the absence of Lillie Bland, during the year 1894 or 1895, taken in connection with the fact that Mr. Coombs was Lillie Bland's agent, and assisted in making the alleged negotiations for the sale, is not of itself sufficient to establish the charges made in the complaint. The fact that Fisher offered to sell the property would not show that Lillie Bland had not purchased the same in good faith, and for a valuable consideration. Fraud, when charged, must be proved. It cannot be presumed without proof. No judgment existed against Fisher at the time of the conveyance. The fact that suit had been commenced against him in a justice's court before the conveyance might be suspicious, but that fact alone should not be held sufficient evidence of fraud to annul a deed subsequently made, without some proof tending to show the fraudulent nature of the transfer.

The offer of evidence after the motion for a nonsuit was overruled is not a waiver of the exception taken to the

14 UTAH—31

order overruling such motion, under Sess. Laws Utah 1894, p. 42. Testimony was afterwards introduced by both parties. Upon an examination of the testimony, we are not satisfied that it supports the findings and conclusions reached by the trial court. The judgment of the court below is set aside, with instructions to grant a judgment of nonsuit, as requested by the appellant.